Archibald C. Wemple, J.
The petitioner contends that at no time during the proceedings had in the Schenectady County Court was he advised of his right to, and the aid of counsel, *388 nor had he waived such right. The petitioner contends that he was indigent and ignorant; appeared in court without counsel; was unable to cope with the complex legal proceedings; and was constrained to plead guilty in ignorance of his rights afforded in the State and Federal Constitutions.
The District Attorney contends that the defendant-petitioner was advised of the right to counsel during all stages of the proceedings and that he was represented by one Loren W. Lillis, Esq., during all proceedings had in connection with the prosecution of the defendant. The District Attorney points out that the County Clerk’s file shows that the defendant was represented by said counsel, Loren W. Lillis, Esq., who, on behalf of said defendant, made demand under section 295-1 of the Code of Criminal Procedure, and also received notice of trial on behalf of said defendant. The District Attorney further contends that, from the record, there is a presumption of regularity which is not effectively challenged by the unsupported statements of the defendant-petitioner.
The record shows that the defendant was represented by counsel Loren W. Lillis at the time of his arraignment, and that later, at the time of fixing the date for trial, the defendant was also represented by Joseph W. Skoda, Esq., attorney, who, on behalf of said defendant, pled the defendant guilty as indicted, and who represented the defendant at the time of his arraignment as a second offender on May 16, 1944, and on June 1, 1944, the time of sentence.
The court has also made direct inquiry of attorney Loren W. Lillis, who represented the defendant at the time of arraignment, and who has personally shown the court copies of newspaper clippings such as one taken from the Schenectady Gazette of April 28,1944, as follows:
“ Robert E. Lyons, indicted for grand larceny in connection with the theft of a light truck that he later drove into the side of a gasoline truck, causing one of the city’s most spectacular fires in recent years, sought to plead guilty without advice of counsel. Justice Lawrence refused to accept the plea and assigned Loren Lillis as counsel. Lillis entered a plea of not guilty for his client. The case will be tried in County Court. ’ ’
From the above, it appears that the petitioner’s application is without merit and it is, therefore, denied.
Submit order.